

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| ROBERT KRAHN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| CHARELS E. DILLON, an Individual, | ) |
| and DETROIT TRANSPORTATION, | ) |
| a Foreign Corporation, | ) |
| | ) |
| Defendants. | ) |

DISTRICT COURT
**F I L E D**

AUG 2 4 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**CJ-2016-03059**

### PETITION

REBECCA NIGHTINGALE

**COMES NOW** the Plaintiff, Robert Krahn, Jr., by and through his attorney of record, Anderson & Associates, PLLC., and for his cause of action against the Defendants, Charles E. Dillon and Detroit Transportation, a foreign corporation, alleges and states as follows:

1. That the Plaintiff is a resident of Porter, Wagoner County, State of Oklahoma. That Defendant Charles E. Dillon is a resident of Paris, Lamar County, State of Texas. That Defendant Detroit Transportation is a foreign corporation doing business in the State of Oklahoma. That the automobile accident giving rise to this action occurred in Broken Arrow, Tulsa County, State of Oklahoma, thus making jurisdiction of this Court just and proper.

2. That on December 10, 2014, the Plaintiff was a driver of a vehicle that was traveling westbound in the inside lane (fourth lane) on State Highway 51 in Broken Arrow, Oklahoma Defendant Charles E. Dillon was also traveling in a westbound direction on State Highway 51 in the second of four lanes, when he merged into the first lane colliding with another vehicle causing it to spin across all lanes into the path of Plaintiff Robert Krahn, Jr.. On the date and time of this accident, Defendant Charles E. Dillon was driving a vehicle owned by Defendant Detroit Transportation. On the date and time of this accident, Defendant Charles E.

Dillon was within the scope of employment for Defendant Detroit Transportation. Defendant Charles E. Dillon did fail to devote his time and attention to the roadway and did carelessly, recklessly and negligently collide with a vehicle in which collided with the Plaintiff's vehicle.

## COUNT I

3. Plaintiff re-alleges and re-incorporates all allegations contained in Paragraphs 1-2.

4. That Defendant Charles E. Dillon by failing to pay attention to his surroundings and fully devote his time and attention to the roadway and by his failure to yield is guilty of negligence per se.

5. That at all times, Defendant Charles E. Dillon was acting within the scope and course of his employment with Defendant Detroit Transportation, which is thus liable under the doctrine of respondent superior.

6. Defendants were negligent, negligent *per se* and/or committed *res ipsa* because Defendants violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff's person and property.

7. Defendants had the responsibility to drive as a reasonably prudent driver at the date and time of this incident.

8. Defendants violated that responsibility.

9. Defendants were negligent.

10. On the date and time of the incident Defendant Charles E. Dillon was operating a motor vehicle owned and/or controlled by Defendant Detroit Transportation.

11. At all material times Defendant Charles E. Dillon was an agent, servant, and/or

employee of Defendant Detroit Transportation.

12. At all material times Defendant Charles E. Dillon was acting within the course and scope of employment and/or permission for Defendant Detroit Transportation.

13. Defendant Detroit Transportation is liable for any improper action and/or omission committed by Defendant Charles E. Dillon during the operation of the motor vehicle, inclusive of the time and date of this incident.

14. Defendant Charles E. Dillon was an authorized driver of Defendant Detroit Transportation motor vehicle at the time of the incident.

15. Defendant Detroit Transportation negligently and/or improperly entrusted Defendants DF with said motor vehicle.

16. Defendant Detroit Transportation negligently and/or improperly hired, retained, supervised, educated, and/or trained Defendant Charles E. Dillon, directly causing this incident and injuries to Plaintiff.

17. Defendant Charles E. Dillon was in a joint venture and/or in a dual capacity with Defendant Detroit Transportation at the time of this incident.

18. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

19. That as a direct and proximate result of Defendant Charles E. Dillon's negligence and negligence per se, the Plaintiff suffered serious bodily injuries, has endured and continues to endure both physical and mental pain and suffering, has incurred and continues to incur medical expenses, has incurred property damage, has incurred lost wages, has incurred loss of imcome, has incurred loss of business from his job, has lost the enjoyment of life, and has suffered further damages all of which will be more particularly proven at trial and which entitle the Plaintiff to

collect a sum in the excess amount of $75,000.00 from the Defendant.

## COUNT II

20. Plaintiff re-alleges and re-incorporates all allegations contained in Paragraphs 1-19.

21. That Defendant Charles E. Dillon by failing to pay attention to his surroundings and fully devote his time and attention to the roadway and by his failure to yield is guilty of negligence per se.

22. That at all times, Defendant Charles E. Dillon was acting within the scope and course of his employment with Defendant Detroit Transportation, which is thus liable under the doctrine of respondent superior.

23. Defendants were negligent, negligent *per se* and/or committed *res ipsa* because Defendants violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff's person and property.

24. Defendants had the responsibility to drive as a reasonably prudent driver at the date and time of this incident.

25. Defendants violated that responsibility.

26. Defendants were negligent.

27. On the date and time of the incident Defendant Charles E. Dillon was operating a motor vehicle owned and/or controlled by Defendant Detroit Transportation.

28. At all material times Defendant Charles E. Dillon was an agent, servant, and/or employee of Defendant Detroit Transportation.

29. At all material times Defendant Charles E. Dillon was acting within the course and scope of employment and/or permission for Defendant Detroit Transportation.

30. Defendant Detroit Transportation is liable for any improper action and/or omission committed by Defendant Charles E. Dillon during the operation of the motor vehicle, inclusive of the time and date of this incident.

31. Defendant Charles E. Dillon was an authorized driver of Defendant Detroit Transportation motor vehicle at the time of the incident.

32. Defendant Detroit Transportation negligently and/or improperly entrusted Defendants DF with said motor vehicle.

33. Defendant Detroit Transportation negligently and/or improperly hired, retained, supervised, educated, and/or trained Defendant Charles E. Dillon, directly causing this incident and injuries to Plaintiff.

34. Defendant Charles E. Dillon was in a joint venture and/or in a dual capacity with Defendant Detroit Transportation at the time of this incident.

35. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

36. That as a direct and proximate result of Defendant Detroit Transportation's negligence and negligence per se, the Plaintiff suffered serious bodily injuries, has endured and continues to endure both physical and mental pain and suffering, has incurred and continues to incur medical expenses, has incurred property damage, has incurred lost wages, has incurred loss of income, has incurred loss of business from his job, has lost the enjoyment of life, and has suffered further damages all of which will be more particularly proven at trial and which entitle the Plaintiff to collect a sum in the excess amount of $75,000.00 from the Defendant.

**WHEREFORE**, premises considered, the Plaintiff prays that this Court award him

damages in excess of $75,000.00 from the Defendant Charles E. Dillon and award him damages in excess of $75,000.00 from Defendant Detroit Transportation, including attorney's fees, costs, interest, and any such relief that this Court deems just and proper.

Respectfully submitted this 24th day of Aug, 2016.

ANDERSON & ASSOCIATES, PLLC

Lynn R. Anderson, OBA No. 16473
320 S. Boston Ave., Ste. 825
Tulsa, Oklahoma 74103
Telephone: (918) 549-6700
Facsimile: (918) 549-6808

**ATTORNEY'S LIEN CLAIMED**